44 F.3d 1031
 310 U.S.App.D.C. 142
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Brian Eric CARR, Appellant.
 No. 94-3013.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 28, 1994.
 
 Before: GINSBURG, SENTELLE, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed. The district court did not effectively direct a verdict on the federally insured status of the First American Bank by virtue of its jury instruction regarding the evidence of the bank's federally insured status. The district court merely commented that the evidence regarding federal insurance was undisputed. See United States v. Sliker, 751 F.2d 477, 483 (2d Cir.1984), cert. denied sub nom., Buchwald v. United States, 470 U.S. 1058 (1985). In addition, there was sufficient evidence from which the jury could conclude that the bank was federally insured on the date of the crime. Agent Showalter's testimony was based on his investigation of the bank robbery on the date it happened and was uncontradicted on this point. United States v. Nnanyererugo, No. 93-3154 (D.C.Cir. Nov. 15, 1994).
 
 
 3
 Finally, the instruction on intimidation does not require us to overturn Carr's conviction. It appears that the district court presented a correct if imprecise statement of the law on this point. The instruction stated not only that the jury should find that the defendant intended to intimidate the teller but additionally that the standard to be used in that regard is whether the ordinary person, rather than the particularly timid person, would have been intimidated. When viewed in the context of the entire instruction, as well as the context of the entire trial, the direction on intimidation would not undermine confidence in the conviction. See United States v. Yunis, 924 F.2d 1086, 1096 (D.C.Cir.1991).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.